# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Keishanna George. | CIVIL ACTION |
| Plaintiff, | Docket No.    2:24-cv-02854 |
| v. | District Judge: JANE TRICHE MILAZZO |
| Housing Authority of New Orleans, | |
| Defendant. | Magistrate Judge: DONNA PHILLIPS CURRAULT |

## MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO STAY BRIEFING ON 12(b)(6) MOTION UNTIL JURISDICTION IS DETERMINED

### Posture

As set out in Plaintiff's motion, the state court petition in this removed case cites no federal law. *See* ECF 1-2. Another Section of this Court has recently remanded a case with overlapping issues, for lack of a substantial federal question, relying on the U.S. Supreme Court and Fifth Circuit's standard for assessing jurisdiction where the Complaint does not directly raise a federal question. *See Current v. Hous. Auth. of New Orleans*, No. 24-1883, 2024 WL 5041175 (E.D. La. Dec. 9, 2024).

A motion to remand this case for lack of jurisdiction is pending, and has not yet been briefed by the Defendant or addressed by the Court. ECF 7. Before addressing that motion Defendant obtained an extension of its Submission date, and filed this motion to dismiss. ECFs 11 through 13.

### The Court lacks authority to rule on the motion to dismiss until its jurisdiction has been determined.

1

If the Court lacks jurisdiction, as set out in the pending remand motion and found by the Court in *Current v. Hous. Auth. of New Orleans*, No. 24-1883, 2024 WL 5041175 (E.D. La. Dec. 9, 2024), then the Court is powerless to take any other action in this case.

This Section recently vacated a final judgment it had entered and remanded the case to state court for lack of jurisdiction in response to post-judgment motion. The final judgment had to be vacated because "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Richard's Clearview LLC v. Starr Surplus Lines Ins. Co.*, No. CV 22-2326, 2023 WL 1778943, at *2 (E.D. La. Feb. 6, 2023) (Milazzo, J.) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) and *Ex parte McCardle*, 74 U.S. 506, 514 (1868))., *aff'd*, No. 23-30130, 2023 WL 6820671 (5th Cir. Oct. 17, 2023).

Because all other proceedings are improper in the absence of jurisdiction, courts are to examine their jurisdiction before any other issue. "[R]esolving a merits issue while jurisdiction is in doubt 'carries the court beyond the bounds of authorized judicial action' . . . and violates the principle that 'the first and fundamental question is that of jurisdiction.' " *In re Minister Papandreou*, 139 F.3d 247, 253 (D.C. Cir. 1998) (quoting *Steel Co.* 523 U.S. at 94, and *Mansfield, Coldwater & Lake Michigan Railway Co. v. Swan*, 111 U.S. 379, 382 (1884)) (overruled by statute on other grounds).

The previously quoted Supreme Court *Steel Co.* case emphatically rejected the practices of multiple Circuits that had allowed review of other grounds to dismiss before jurisdiction. The Court characterized the requirement to address jurisdiction first as "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

## **Most issues in the Motion to Dismiss will be irrelevant if this case is remanded to state court.**

Only the final five paragraphs of Defendant's 15-page memorandum would be relevant to state court proceedings, since the *Gonzaga* and third party contract theories covered in the rest of its Memorandum were not pled and are not necessary for state court jurisdiction.

Though not cited in Defendant's Memorandum, the state court issue raised in the final five paragraphs was recently decided in favor of allowing state court judicial review of HANO Section 8 termination decisions, in *D'Aquin v. Hous. Auth. of New Orleans*, 2024-0584 (La. App. 4 Cir. 11/13/24), __ So.3d ___, 2024 WL 4763217. HANO has filed for state Supreme Court review of that decision. So even briefing that issue is ill-timed until it is known whether the Supreme Court will assert jurisdiction.

While HANO suggests in that argument that the issues are really issues of federal law, it cites no authority for the proposition. The argument is simply another way of trying to create federal jurisdiction because while plaintiff raises no federal quesiton, federal law must be determined in order to settle the dispute. But

3

this is the very basis for jurisdiction examined and found lacking by this Court in *Current v. Hous. Auth. of New Orleans*.

Until it is determined whether the Court has jurisdiction, it would serve no purpose to brief federal issues that would not be relevant in state court, nor state court issues that may soon be firmly settled by the Louisiana Supreme Court.

Just as *Twombly* and *Iqbal* protect defendants from addressing discovery in implausible cases, the promptly filed remand motion should protect the Plaintiff from having to address issues that may prove unnecessary, especially when the issues are fundamental and go to jurisdiction.

## Conclusion

Plaintiff therefore requests that proceedings on Defendant's Motion to Dismiss be stayed until the Court's ruling on the motion to remand for lack of jurisdiction.

Alternatively, if this motion is denied, Plaintiff requests one week to prepare and submit its opposition.

Respectfully submitted,

SOUTHEAST LOUISIANA LEGAL SERVICES

By:_____/s/ David Williams_____
David Williams, LSBA # 17867
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112
Telephone: (504) 529-1063
dwilliams@slls.org

***Attorneys for Plaintiff***